EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,

v.

CENTRAL KANSAS MEDICAL CENTER, Defendant-Appellant.

No. 82–1988.

United States Court of Appeals, Tenth Circuit.

April 20, 1983.

Robert D. Overman, Wichita, Kan. (Marvin J. Martin, Wichita, Kan., with him on brief) of Martin, Churchill & Overman, Wichita, Kan., for defendant-appellant.

Karen MacRae Smith, Atty., Washington, D.C. (David L. Slate, Gen. Counsel; Philip B. Sklover, Associate Gen. Counsel; and Vella M. Fink, Asst. Gen. Counsel; E.E. O.C., Washington, D.C., with her on brief), for plaintiff-appellee.

Before McWILLIAMS, DOYLE and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

This action was brought against Central Kansas Medical Center (Hospital) under the Equal Pay provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206(d)(1), 215(a)(2), 255(a) (1976).[1] After a trial to the bench, the district court found that: (1)

1. The suit was instituted September 24, 1975, by the Secretary of Labor, who was statutorily authorized to enforce the Equal Pay provision at that time. The Reorg. Plan No. 1 of 1978, 3 C.F.R. 321 (1978), *reprinted in* 5 U.S.C.App. at 404–05 (Supp. IV 1980), *and in* 92 Stat. 3781 (1978), provided for the transfer of enforcement authority to the EEOC, effective July 1, 1979. Accordingly, the EEOC was substituted for the Secretary of Labor as plaintiff in this case.

the Hospital had violated the Act by paying its male janitors more than its female housekeepers for substantially equal work; (2) the discrepancy in pay was not due to a factor other than sex; and (3) the violations were willful. The Hospital contends on appeal that these findings are clearly erroneous and contrary to applicable law. We affirm.

## I.

### THE LAW

The Equal Pay Act provides:

"No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

29 U.S.C. § 206(d)(1). By enacting this legislation, Congress intended

"to remedy what was perceived to be a serious and endemic problem of employment discrimination in private industry— the fact that the wage structure of 'many segments of American industry has been based on an ancient and outmoded belief that a man, because of his role in society, should be paid more than a woman even though his duties are the same.'"

*Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1

(1974) (quoting S.Rep. No. 176, 88th Cong., 1st Sess., 1 (1963)). "The Equal Pay Act is broadly remedial, and it should be construed and applied so as to fulfill the underlying purposes which Congress sought to achieve." *Id.* at 208, 94 S.Ct. at 2234.

Under the Act, the EEOC must prove that the employer pays unequal wages for work that is substantially equal in terms of skill, effort, and responsibility, and that is performed under similar working conditions. *Brennan v. South Davis Community Hospital,* 538 F.2d 859, 861 (10th Cir.1976). If this burden is met, the employer must then prove that the pay differential is justified by one of the four exceptions in the Act. *Corning Glass Works,* 417 U.S. at 196, 94 S.Ct. at 2228; *Thompson v. Sawyer,* 678 F.2d 257, 271 (D.C.Cir.1982). The employer's burden is a heavy one. *Odomes v. Nucare, Inc.,* 653 F.2d 246, 251 (6th Cir.1981); *Brennan v. Owensboro-Daviess County Hospital,* 523 F.2d 1013, 1031 (6th Cir.1975), *cert. denied,* 425 U.S. 973, 96 S.Ct. 2170, 48 L.Ed.2d 796 (1976).

As stated above, if the jobs are substantially equal they need not be identical. An employer may not "escape the Act's reach by drawing overly fine distinctions in the tasks at issue." *South Davis Community Hospital,* 538 F.2d at 861 (citing *Brennan v. Prince William Hospital Corp.,* 503 F.2d 282, 285 (4th Cir.1974), *cert. denied,* 420 U.S. 972, 95 S.Ct. 1392, 43 L.Ed.2d 652 (1975)). Substantial equality is to be evaluated in terms of skill, effort and responsibility, and

"requires a practical judgment on the basis of all the facts and circumstances of a particular case. Skill includes such considerations as experience, training, education, and ability. Effort refers to the physical or mental exertion necessary to the performance of a job. Responsibility concerns the degree of accountability required in performing a job. Application of the Equal Pay Act depends not on job titles or classifications but on the actual requirements and performance of the job. In all cases, therefore, a court must compare the jobs in question in light of the

full factual situation and the broad remedial purpose of the statute. *See* 29 C.F.R. §§ 800.114–.132 (1980)."
*EEOC v. Universal Underwriters Insurance Co.,* 653 F.2d 1243, 1245 (8th Cir.1981).

█ Jobs may be equal even though one sex is given extra duties if the other sex also performs extra duties of equal skill, effort and responsibility, or if the extra tasks take little time and are of only peripheral importance. *South Davis Community Hospital,* 538 F.2d at 862. "Differences in the kind of effort expended but not significant in amount or degree will not support a wage differential." *Id.; accord Usery v. Columbia University,* 568 F.2d 953, 959 (2d Cir.1977); *Prince William Hospital Corp.,* 503 F.2d at 285–86. "[J]obs can be substantially equal even though performed with different equipment or machines." *Thompson v. Sawyer,* 678 F.2d at 273.

█ Job descriptions or titles do not determine whether the jobs are substantially equal. "Actual job requirements and performance are controlling." *Prince William Hospital Corp.,* 503 F.2d at 288; *accord Orahood v. Board of Trustees of the University of Arkansas,* 645 F.2d 651, 654 (8th Cir.1981). Moreover, a plaintiff need only show that the lower paying jobs are substantially equal to *some* jobs in the more highly paid category. *Thompson v. Sawyer,* 678 F.2d at 275. An employer may not avoid violating the Act by classifying some men's jobs that are substantially equal to the women's jobs with other men's jobs that are not. *Id.* An employer cannot cure its violation of the Act by opening the higher paying jobs to women; " '[t]he lower wage rate must be increased to the level of the higher.' " *Corning Glass Works,* 417 U.S. at 206–07, 94 S.Ct. at 2233 (quoting H.R.Rep. No. 309, 88th Cong., 1st Sess., 3 (1963)).

## II.

### THE FACTS

█ The district court here correctly stated the above legal principles in resolving the factual issues presented below. In its detailed opinion, the court found that the employees of the Hospital's housekeeping staff, Housekeepers I, Housekeepers II and Janitors, all performed substantially equal work.[2] The court further found that the pay differential between the housekeepers and the janitors was not justified by a factor other than sex.

The court observed:

"The hospital has cleaning personnel that work the day shift, and those that work the night shift. The day shift personnel, all women, are called housekeepers. The night shift are called janitors, and paid more. The evidence shows that until May, 1974, if a person worked the night shift he was a janitor, unless she was a woman, in which case she was a housekeeper, and was paid at the lower rate."

Rec., vol. I, at 111. The judge determined that all the employees performed general cleaning duties under similar working conditions and that any extra effort exerted by the janitors was too insubstantial to be significant or was equalized by additional responsibilities regularly performed by the housekeepers.

The court found that the higher janitorial wage was not based on a legitimate night differential because before May 1974 women working at night were paid the lower housekeeper rate. The court also rejected the Hospital's additional contention that its job descriptions and corresponding pay plan justified the pay differential, because the court found that the job descriptions did not reflect actual job requirements and performance.

We may overturn these fact findings only if they are clearly erroneous. *Thompson v. Sawyer,* 678 F.2d at 274. After a careful review of the entire record in this case, we are not left with a definite and firm conviction that a mistake has been made. *See Taylor v. Honeywell,* 497 F.2d 1382, 1383 (10th Cir.1974).

---

2. The court eliminated two employees from the Housekeeper/Janitor group because they were compensated above the janitor pay range and performed work substantially different from the group. This classification is supported by the record.

The evidence below was conflicting and required credibility determinations.

> "When a case is tried to the district court, the resolution of conflicting evidence and the determination of credibility are matters particularly within the province of the trial judge who heard and observed the demeanor of the witnesses. The appellate court is not called upon to determine whether the trial court reached the correct conclusion of law, but rather whether it reached a permissible conclusion in light of the evidence."

*Dowell v. United States,* 553 F.2d 1233, 1235 (10th Cir.1977) (citations omitted). "[W]here the evidence supports a conclusion either way the choice between two permissible views of the weight of the evidence is not 'clearly erroneous' as the term is used in Rule 52(a), Fed.R.Civ.P." *United States v. Denver & Rio Grande Western Railroad,* 547 F.2d 1101, 1103 (10th Cir.1977).

In denying the Hospital's motion for rehearing below, the district court pertinently observed that

> "[w]hen a case is tried and the parties interpret the facts to reach opposite conclusions, someone's interpretation of the facts must be rejected in favor of the other in the process of deciding the case. That is what has happened in this case. Defendant has now represented its theory of the facts. The Court has explained at length in its last order why that theory is not correct. Nothing will be gained from another discussion of the Court's reasoning."

Rec., vol. I, at 180. The court's findings are supported by ample, albeit not undisputed, evidence. Accordingly, we will not disturb them on appeal.

**3.** Section 255 provides

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon Davis Act—

"(a) if the cause of action accrues on or after May 14, 1947—may be commenced

## III.

### THE REMEDY

■ The Equal Pay Act is enforced pursuant to Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255(a). *See* 29 U.S.C. § 216(c) (1976). Section 6 has been judicially interpreted to limit the remedy available for a continuing violation of the Fair Labor Standards Act. *See, e.g., Hodgson v. Humphries,* 454 F.2d 1279, 1284 (10th Cir.1972). Under section 6 an employee may recover back wages for up to three years prior to the filing of a suit if the violation is willful, but only for up to two years otherwise.[3] The Hospital disputes the trial court's finding of willfulness.

The trial court held that the violations were willful based on its finding that "[t]he hospital's director of personnel *had actual knowledge, or should have known of the requirements of the F.L.S.A., including the Equal Pay Act.*" Rec., vol. I, at 109 (emphasis added).

On appeal the Hospital contends that the court erred by applying the above legal standard in its determination of willfulness. The Hospital argues that a violation is not willful unless it is deliberate, voluntary, and intentional. We disagree. "A violation is willful when the employer was, or should have been, cognizant of an appreciable possibility that the employees involved were covered by the statutory provisions." *Marshall v. Union Pacific Motor Freight Co.,* 650 F.2d 1085, 1092 (9th Cir.1981); *accord, Orzel v. City of Wauwatosa Fire Department,* 697 F.2d 743, 758 (7th Cir.1983); *Mistretta v. Sandia Corp.,* 639 F.2d 588, 595 (10th Cir.1980); *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 461–62 (D.C.Cir. 1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *Brennan v. Heard,* 491 F.2d 1, 3 (5th Cir.1974).

within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued ...."

29 U.S.C. § 255 (1976).

The record and the law clearly support the district court's determination of willfulness in this case.

Affirmed.