Mary Alice SINCLAIR, Plaintiff-Appellee, Cross-Appellant,

v.

AUTOMOBILE CLUB OF OKLAHOMA, INC., Defendant-Appellant, Cross-Appellee.

Nos. 82–2599, 83–1030 and 83–1229.

United States Court of Appeals, Tenth Circuit.

May 3, 1984.

728

Maynard I. Ungerman of Ungerman, Conner & Little, Tulsa, Okl., for plaintiff-appellee, cross-appellant.

Dan A. Rogers, Tulsa, Okl. (Richard C. Honn, Tulsa, Okl., with him on the briefs), of Rogers, Honn, Hill, Secrest & McCormick, Tulsa, Okl., for defendant-appellant, cross-appellee.

Before BARRETT, McKAY, and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Mary Alice Sinclair brought this action against Automobile Club of Oklahoma, Inc., under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19. Sinclair, who was employed as the director of defendant's worldwide travel department from May 1, 1975, to January 4, 1980, alleged that defendant had violated the Equal Pay Act, 29 U.S.C. § 206(d)(1), by paying her less than her male predecessor. After a bench trial the district court found for Sinclair. Finding that the violation was "willful" within the meaning of 29 U.S.C. § 255(a), the court applied the three-year rather than the two-year statute of limitations. It awarded Sinclair unpaid wages for the three years before she filed suit and attorney's fees. The court refused to award Sinclair liquidated damages under § 216(b), however, because it found that defendant's violation of the Act was in good faith within the meaning of 29 U.S.C. § 260. Sinclair appeals, contending that the trial court erred in not awarding her liquidated damages. Defendant cross-appeals, arguing that the district court erred in finding that it had

violated the Act, in applying the three-year statute of limitations, and in computing Sinclair's unpaid wages. We do not separately discuss attorney's fees, which were properly awarded under our holding herein.

I

█ We first address whether the district court correctly found that defendant violated the Equal Pay Act. The Act provides:

"No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

29 U.S.C. § 206(d)(1). Under this section the plaintiff has the burden of proving that the employer paid unequal wages for jobs performed under similar working conditions that required substantially equal skills, effort, and responsibility. *EEOC v. Central Kansas Medical Center,* 705 F.2d 1270, 1272 (10th Cir.1983). If the plaintiff meets this burden, the burden shifts to the employer to prove that one of the four exceptions in the Act justifies the wage differential. *Id.*

█ Defendant argues that the trial court should have found that the pay differential was based on a factor other than

sex. Specifically, it asserts that it paid Sinclair less than her predecessor because Sinclair had less managerial skill and experience. The trial court found that the two had equivalent backgrounds and training. After reviewing the record, we cannot conclude that this finding was clearly erroneous. *See id.* at 1273.

■ Defendant also contends that the district court applied an incorrect legal standard in finding that defendant had violated the Act. Defendant notes that the trial court found that defendant "appears not to have determined Plaintiff's rate of pay based on her sex," and contends that this is inconsistent with the finding that defendant violated the Act. We disagree. Reasonably construed in context, the court's finding simply means that defendant did not intend to discriminate against plaintiff because of her sex. Discriminatory intent is not an element of a claim under the Act. *Hodgson v. American Bank of Commerce*, 447 F.2d 416, 423 (5th Cir. 1971). We therefore hold that the trial court did not err in finding that defendant violated § 206(d)(1) by paying Sinclair lower wages than her predecessor.

## II

Defendant asserts that the trial court incorrectly computed Sinclair's unpaid wages. Defendant had paid Sinclair's predecessor a starting salary of $1100 per month. He was eligible to receive annual raises of $500 for every $10,000 increase in the department's gross commission sales. He received bonuses of ten to fifteen percent of that department's net earnings increases before taxes if profits reached certain levels. Sinclair, on the other hand, received a starting salary of $950 per month and annual salary increases of $400 for every $10,000 increase in the department's gross commission sales. She received annual bonuses of seven to twelve percent of the department's net earnings before taxes if profits reached the levels at which her predecessor received bonuses of ten to fifteen percent. The trial court awarded Sinclair the basic salary differen-

tial and the additional raises and bonuses she would have received if she had been compensated at her male predecessor's rates.

■ The only reason defendant articulates to support its argument that the district court erred in awarding Sinclair damages for the unpaid raises and bonuses is that it was impossible to determine the profits the predecessor would have generated had he stayed with the department. For the purposes of the Act the wage "rate" encompasses all rates of wages, including those calculated on an incentive basis. 29 C.F.R. § 800.111. The Act applies to situations in which an employer hires an employee of one sex for a particular job to replace an employee of the opposite sex. *Peltier v. City of Fargo*, 533 F.2d 374, 377 (8th Cir.1976); 29 C.F.R. § 800.-114(b). In that situation, the successful plaintiff is entitled to the difference between the wages she would have received at the rate the employer paid her predecessor and the wages she actually received. That is precisely what the trial court awarded to Sinclair in the instant case. Accordingly, we find that the trial court properly computed Sinclair's unpaid wages.

## III

Under the applicable statute of limitations, 29 U.S.C. § 255(a), an employee may recover unpaid wages for up to three years before the filing of suit if the violation was willful but only for two years otherwise. *EEOC v. Central Kansas Medical Center*, 705 F.2d at 1274. A violation is willful if "the employer was, or should have been, cognizant of an appreciable possibility that the employees involved were covered by the statutory provisions." *Id.* (quoting *Marshall v. Union Pacific Motor Freight Co.*, 650 F.2d 1085, 1092 (9th Cir.1981)); *accord, Donovan v. McKissick Products Co.*, 719 F.2d 350, 354 (10th Cir.1983).

■ In the instant case, the trial court applied the three-year limitations period without stating whether defendant knew or should have known that its employees were

covered by the Act. Indeed, in its findings of fact the trial court stated that defendant's violation of the Act was not "willful or oppressive." Despite this apparent inconsistency, however, we need not remand this case for a finding on the issue of willfulness. Sinclair testified that defendant periodically held meetings at which its representatives discussed the requirements of the wage and hour laws. She also informed her employer several times that she thought it unfair that she was paid less than her male predecessor. On the other hand, defendant offered no evidence and does not contend on appeal that it was unaware that Sinclair was covered by the Act. Thus, because the uncontroverted evidence indicates that defendant knew the statutory provisions possibly covered Sinclair, the trial court correctly awarded Sinclair unpaid wages for the three years before she filed suit.

## IV

■■■ Finally, we address Sinclair's contention that the district court erred in not awarding liquidated damages. A violating employer is normally liable for both unpaid compensation and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, 29 U.S.C. § 260 provides:

> "In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."

All circuits that have considered the matter hold that in order to invoke the district court's discretion under § 260, the employer has the burden of showing both that he acted in good faith *and* that he had reasonable grounds for believing that he did not violate the Act. *See Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir.1982); *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 468 (5th Cir.1979); *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 464 (D.C.Cir. 1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). An employer's ignorance of the Act or its requirements is not a reasonable ground for believing that it was in compliance. *Marshall v. Brunner,* 668 F.2d at 753; *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d at 468–69.

In the instant case, the trial court refused to award liquidated damages because it found that defendant's violation was not "willful and oppressive" or committed in "bad faith." The court made no findings, however, regarding whether defendant had reasonable grounds for believing that it had complied with the Act. Evidently the trial court believed that an employer need only show good faith to permit the court to invoke its discretion under § 260 and thus incorrectly ignored the second prong of the inquiry.

Our review of the record persuades us that it is unnecessary to remand this case for a finding on whether the employer had reasonable grounds for believing that its actions did not violate the Act. Defendant offered no evidence that it investigated the requirements of the Equal Pay Act. Moreover, although Eugene Fillipps, executive vice-president of defendant, testified that defendant paid Sinclair less than her predecessor because of her lesser managerial experience, the trial court's findings of fact and the evidence indicate that Sinclair had at least as much managerial experience as her predecessor in the period relevant to this suit. Therefore, because defendant offered no evidence that it had reasonable grounds for believing that it was in compliance with the Act, we REVERSE and REMAND this case with instructions to award Sinclair liquidated damages.