733 F.2d 83
 26 Wage & Hour Cas. (BN 1212, 101 Lab.Cas. P 34,535
 Raymond J. DONOVAN, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
M & M WRECKER SERVICE, INC., a corporation, H.E. Black and
Ralph Black, as individuals and doing business as
M & M Wrecker Service, Inc., Defendants-Appellees.
 No. 83-1243.
 United States Court of Appeals,
Tenth Circuit.
 May 3, 1984.
 
 Francis X. Lilly, Deputy Sol., Beate Bloch, Associate Sol., Ruth E. Peters, Washington, D.C., for Appellate Litigation, Patricia Saik, Atty., and James E. White, Regional Sol., U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellant.
 J. Hugh Herndon, Midwest City, Okl., for defendants-appellees.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 The Secretary of Labor brought this action against M & M Wrecker Service, Inc., and two of its officers under the Fair Labor Standards Act, 29 U.S.C. Secs. 201-19, to enjoin defendants from violating the Act's minimum wage, overtime compensation, record-keeping, and anti-retaliation provisions, and to compel payment of amounts due employees because of the violations. Because M & M had ceased doing business at the time of trial, only the payments to former employees were in issue. After a bench trial the court found that defendants had been violating the Act's minimum wage and overtime compensation provisions for more than three years before the suit. But the court also found that the violations were not "willful" within the meaning of 29 U.S.C. Sec. 255(a) and thus limited recovery to unpaid wages and overtime compensation for the prior two years. The correctness of that determination is the only issue on appeal. The cause was submitted on the briefs by agreement of the parties.
 
 
 2
 The relevant statute contains a two-year statute of limitations except for "willful" violations, to which a three-year limitations period applies:
 
 
 3
 "Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act--
 
 
 4
 (a) if the cause of action accrues on or after May 14, 1947--may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;"
 
 
 5
 29 U.S.C. Sec. 255(a). This section limits the remedy available for a continuing violation of the FLSA. EEOC v. Central Kansas Medical Center, 705 F.2d 1270, 1274 (10th Cir.1983).
 
 
 6
 In the instant case the trial court found that defendants' violations of the Act were not willful, reasoning that an employer is guilty of a willful violation only if it intentionally disregarded or was plainly indifferent to the law or its requirements. In Central Kansas Medical Center, which we decided after the trial court's opinion, we rejected that view and held that a violation is willful if the employer knew or should have known of an appreciable possibility that the employees involved were covered by the Act. 705 F.2d at 1274; accord, Donovan v. McKissick Products Co., 719 F.2d 350, 354 (10th Cir.1983) (violation is willful if employer knew Act was "in the picture" and possibly applied to his employees). Accordingly, we hold that the trial court applied an incorrect standard.
 
 
 7
 We next must determine whether the trial court's erroneous construction of Sec. 255(a) was harmful. Although most circuits have stated essentially the same test of willfulness as we set out in Central Kansas Medical Center, some have applied it extremely broadly. See, e.g., Marshall v. Union Pacific Motor Freight Co., 650 F.2d 1085, 1091-93 (9th Cir.1981) (reliance on erroneous advice is no bar to a finding of willfulness except when rendered by an appropriate government agency). The structure and language of Sec. 255(a), however, indicate that Congress intended the three-year statute of limitations to be an exception to a normal two-year rule. See Note, Standards of Willfulness Under the Fair Labor Standards Act, 78 Mich.L.Rev. 626, 632 (1980). Therefore, we conclude that although the defendant must plead the statute of limitations of Sec. 255(a) as an affirmative defense, Hodgson v. Humphries, 454 F.2d 1279, 1284 (10th Cir.1972), the plaintiff bears the burden of proving that the defendant's violation was willful and, thus, that the longer statute of limitations applies. See generally McCormick's Handbook of the Law of Evidence Sec. 337 (E. Cleary 2d ed. 1972). For the same reason, we reject the view that knowledge of the Act and its requirements may simply be imputed to the employer. See Marshall v. A & M Consolidated Independent School District, 605 F.2d 186, 191 (5th Cir.1979). The record must contain evidence that the employer knew or should have known of an appreciable possibility that its employees were covered by the Act.
 
 
 8
 Reviewing the record in light of these standards, we conclude that the trial court's erroneous construction of Sec. 255(a) was prejudicial. The trial court found that defendants did not know that they were subject to the Act, a fact finding that the Secretary does not challenge. The only evidence that defendants should have known they were subject to the Act was the testimony of Ralph Black, M & M's general manager. Black first testified that he knew that federal wage and hour laws existed but thought that they did not apply to his company, R. VII, 47, but later he answered "yes" to the question, "[W]ere you familiar with what the minimum wage laws were"? R. VII, 62. Still later, he declared,
 
 
 9
 "I conducted the business per the Statutes of the State of Oklahoma according to their [sic] minimum wage laws, but I did not at that time and do not really know right now as far as whether we would be subject to the Federal Act or not. I was running on the assumption all these years that we were not."
 
 
 10
 R. VII, 168. After hearing this testimony, the trial court concluded that during the period at issue Black "knew that there was a Federal law relating to wages and hours but honestly believed that it did not apply to his business." R. II, 415.
 
 
 11
 Nearly all employers--and most citizens--know that federal wage and hour laws exist. If knowledge of the Act's existence by itself suffices to support the inference that defendants should have known of an appreciable possibility that company employees were covered by the FLSA, the practical effect would be to eliminate the two-year statute of limitations from the act. See Richards,Monetary Awards in Equal Pay Act Litigation, 29 Ark.L.Rev. 328, 338 (1975). But Ralph Black testified that he knew state and federal minimum wage laws existed and that he had conducted M & M's business in accordance with the state's minimum wage law but had assumed that the federal law did not apply. In our view this is something more than evidence that Black knew minimum wage laws existed, and brings this employer within our "should have known" test--the employer knew the federal law was "in the picture" and should have known of an "appreciable possibility" it applied to company employees. Black's awareness had extended beyond that which ordinary citizens possess; his attention had been focused to a point that he apparently investigated the application of Oklahoma's minimum wage law and complied with it. In this context his knowledge of the existence of federal laws of the same kind required him to explore further. Because Black was general manager of M & M, his knowledge and duty to inquire are attributable to the other defendants, M & M and its owner. Thus, we cannot say the application of the erroneous standard was harmless error.
 
 
 12
 We REVERSE and REMAND with directions that the trial court apply the three-year statute of limitations.