Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

PUBLIC SERVICE COMPANY OF NEW MEXICO, Defendant.

Civ. No. 83–0296–JB.

United States District Court,
D. New Mexico.

July 27, 1984.

William L. Lutz, U.S. Atty., Ron F. Ross, Asst. U.S. Atty., Albuquerque, N.M., T. Timothy Ryan, Jr., Sol. of Labor, Heriberto De Leon, Counsel for Employment Standards, Max A. Wernick, Atty., U.S. Dept of Labor, Dallas, Tex., for plaintiff.

Cherpelis & Nivala, P.A., George Cherpelis, Laurie A. Vogel, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, District Judge.

THIS MATTER comes before the Court on cross-motions for summary judgment. The Court, having read the memoranda of the parties, and being otherwise fully advised in the premises, finds that the plaintiff's motion for summary judgment should be granted in part and that defendant's motion should be denied.

This action is brought by the Secretary of Labor to enjoin the defendant from violating provisions of the Fair Labor Standards Act ["F.L.S.A."], 29 U.S.C. § 201 et seq., and to further enjoin the defendant from continuing to withhold overtime pay allegedly due to its employees. The parties have filed a stipulation of facts sufficient to decide most of the issues before the Court. In May, 1979, the defendant, through collective bargaining with the employees at its San Juan Unit, negotiated a union contract which included a provision whereby employees would work a shift of ten consecutive days at regular pay. The collective bargaining agreement provided that each of six crews was scheduled to work the ten-day shift on a rotating basis. Thus, under this provision, an employee would work a ten-day shift every sixth and seventh work week (six consecutive, eight-hour days in one work week and four consecutive eight-hour days in the next work week). The rest of the time an employee would work regular, 40-hour weeks. In August, 1981, as a result of an internal review and evaluation of its overtime policies, the defendant realized this provision, with its inclusion of a six-day work week, was violative of the overtime requirements of § 7 of the F.L.S.A., 29 U.S.C. § 207. Through collective bargaining, the defendant renegotiated the ten-day shift provision, implementing changes effective October 6, 1981, which the defendant and the union believed brought the provision into compliance with the F.L.S.A. provisions governing overtime. In February, 1982, the Wage and Hour Division of the Department of Labor began an investigation into the possibility that defendant owed back pay to its employees for overtime worked under the ten-day provision of the 1979 contract. In November, 1982, defendant paid its employees for the previously unpaid overtime for the period from November 5, 1980, to November 5, 1982. Plaintiff filed suit on March 1, 1983. Now at issue is whether defendant is liable for back pay prior to November 5, 1980.

Resolution of this issue requires an analysis of the applicable statute of limitations, 29 U.S.C. § 255(a). Pursuant to 29 U.S.C. § 255(a), an action to enforce payment of unpaid overtime compensation may be brought within two years of the accrual of the claim, except that an action arising out of a willful violation may be commenced within three years after the claim accrued. If the two-year statute of limitations applies, the Secretary may not pursue this action for unpaid overtime compensation earned prior to March 1, 1981. If the

three-year statute applies, however, the Secretary may seek employee compensation for all overtime worked subsequent to March 1, 1980.

▮ The Court finds that the three year statute of limitations is applicable. The term "willful" is a term of art as used in the F.L.S.A. context. The Tenth Circuit has rejected the view that a "willful violation" requires an intentional disregard or deliberate indifference to the requirements of the F.L.S.A. A violation is willful if the employer "knew or should have known of an appreciable possibility that the employees were covered by the [F.L.S.A.]." *Donovan v. M & M Wrecker Service, Inc.*, 733 F.2d 83, 85 (10th Cir.1984); *see also Donovan v. McKissick Products Co.*, 719 F.2d 350, 354 (10th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2657, 81 L.Ed.2d 363 (1984); *E.E.O.C. v. Central Kansas Medical Center*, 705 F.2d 1270, 1274 (10th Cir. 1983). By affidavit, defendant states that at the time the collective bargaining agreement was reached in May, 1979, both the defendant and the union believed the provision complied with the F.L.S.A. Affidavit of Ron Mershon at ¶ 3; affidavit of Michael Patchell at ¶ 3. This is sufficient to show that the defendant knew that its employees were covered by the F.L.S.A. The defendant, therefore, willfully violated the F.L.S.A., although there is no evidence that the violation was intentional or deliberate. The three-year statute of limitations provision applies.

▮ As a second argument, defendant contends that it cannot be held liable because it has complied with the administrative requirements of the F.L.S.A. in making payments for the period from November 5, 1980, to November 5, 1982, and that the Secretary is precluded from seeking further recovery of back overtime pay by the policies of the Department of Labor. This argument is premised on provisions of the "Field Operations Handbook" of the Wage and Hour Division of the Department of Labor. These provisions, however, are merely guidelines and do not carry the force of law. *See Brennan v. Ace Hard-*

*ware Corp.*, 495 F.2d 368, 376 (8th Cir. 1974); *Marshall v. Krystal Co.*, 467 F.Supp. 9, 82 C.C.H.Lab. Cases ¶ 33,603 (E.D.Tenn., 1977); *Hawkins v. Agricultural Stabilization & Conservation Committee*, 149 F.Supp. 681 (S.D.Tex. 1957), *aff'd*, 252 F.2d 570 (5th Cir.1958). The language of the guidelines themselves establish that they are norms which govern the typical case, but which allow for variation and exception.

Further, there is no indication that the Secretary has failed to comply with these guidelines. By affidavit, plaintiff has established that the Department of Labor intended to seek back payment for the two-year period preceding February 19, 1982, the time the investigation was begun. Ward affidavit at ¶ 2; Rice affidavit at ¶ 3; Bird affidavit at ¶ 8. Unilaterally, the defendant determined to make back payment for the two-year period preceding November 5, 1982. Thus, under the defendant's calculation, the illegal contract was in force for only 11 months of the covered period, whereas the plaintiff sought back pay for a period which included 19 months during which the illegal contract was in force. Although there appears to have been a communications problem between the plaintiff and the defendant with regard to the beginning and ending dates of the two-year period, the plaintiff did not stray from the guidelines which provide that, at the administrative level, the Department of Labor will generally pursue back pay for only a two-year period. The Handbook provides that back pay usually will be requested for the period extending two years from the date payment was first requested or for the period covered by the investigation, whichever is shorter. Field Operations Handbook § 53c02(a). By stipulation, the parties agree that in February, 1982, plaintiff brought to defendant's attention the fact that employees might be entitled to back pay. Stipulation of Facts at ¶ 15. Plaintiff's position that back pay was due for a two-year period commencing in February, 1980, is consistent with its Handbook.

Now that the matter has proceeded to litigation, there is no bar to the Secretary pursuing back payment for the full three-year period authorized by 29 U.S.C. § 255(a). Contrary to the contentions of the defendant, there is no statutory requirement in the F.L.S.A. that the Secretary seek voluntary compliance before proceeding with suit. This distinguishes the F.L.S.A. from other statutes such as the Age Discrimination in Employment Act ["A.D.E.A."]. Defendant relies on *Brennan v. Ace Hardware Corp., supra,* for the proposition that it cannot be found liable for a three-year period in the absence of a pre-litigation directive from the Secretary to pay three years back pay. The Court found in *Ace Hardware* that the Secretary's suit against the employer was precluded because the Secretary had not made clear to the employer what was required. *Ace Hardware* is inapposite to the case at bar, however, because it arises in the context of the A.D.E.A. which statutorily requires an attempt to achieve voluntary compliance. In the absence of such a requirement, the Secretary may extend the claim for back pay to three years without prior notice to the defendant.[1] *See Mitchell v. H.B. Zachry Co.,* 127 F.Supp. 377 (D.N.M.1955) (F.L.S.A. does not require notice to employer as a prerequisite to Secretary filing suit for injunctive relief).

As another argument, the defendant contends that the employees who accepted back pay for the November 5, 1980, to November 5, 1982, period waived claims to further back pay. This argument is based upon 29 U.S.C. § 216(c) which provides that an employee who accepts Secretary-supervised payment in full for overtime compensation due waives his right to sue the employer under 29 U.S.C. § 216(b) to collect both unpaid compensation and an equal amount of liquidated damages. The waiver provision of § 216(c) has no applicability to a suit brought by the Secretary under § 217. *See generally Hodgson v. Wheaton Glass Co.,* 446 F.2d 527 (3d Cir. 1971) (general discussion of difference between § 216 and § 217 remedies). The purpose of the § 216(c) waiver provision was to make employers more willing to voluntarily settle cases by insulating them from employees' suits for liquidated damages after settlement with the Secretary. *Id.* at 530. In 1961, the F.L.S.A. was amended to preclude employees' suits whenever the Secretary brought suit under § 217. Pub.L. No. 87–30, § 12, 75 Stat. 74. Under the 1961 amendments, the preclusion of employee suits once the Secretary brings a § 217 suit encourages voluntary settlement by the employer. The Congressional purpose furthered by the § 216(c) waiver provision, therefore, has no relevance to a § 217 suit by the Secretary. *See Hodgson v. Wheaton Glass Co., supra* (§ 216(c) and § 217 are not *in pari materia*). Of course, the outstanding amount due is reduced by an amount equal to the payment to the employee.

Further, even if the limitations of § 216(c) were applicable, there is no averment in the case at bar that the payment of compensation for the November 5, 1980, to November 5, 1982, period was Secretary-supervised. For § 216(c) waiver to occur, supervision of payment by the Secretary is required.

The final contention of the defendant, that no case or controversy is present, is also without merit. The Secretary seeks to enjoin the defendant from continuing to withhold back wages for unpaid overtime. The defendant concedes that it has not made overtime payments for the period from March 1, 1980, to November 5, 1980.

1. It should be noted that the Secretary has consistently maintained that the back pay calculation should extend from a period beginning around March 1, 1980. At the administrative level, this date represented the commencement of a two-year period prior to the beginning of the investigation. At the litigation stage, this date represents the period encompassed by the three-year statute of limitations. Because there is no allegation that there were F.L.S.A. violations after October 6, 1981, the monetary liability of the defendant is unchanged between the administrative request for two years' back pay and the litigation request for three years' back pay.

This issue is sufficient to create a live controversy which meets the requirements of Article III of the Constitution.

Because the granting of injunctive relief requires a weighing of the equities, and because the record is not fully developed at this time, the Court declines to grant, in full, the plaintiff's cross-motion for summary judgment. Nevertheless, it is appropriate to grant plaintiff's motion insofar as it seeks a determination that the three year statute of limitations is applicable.

Wherefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that defendant's motion for summary judgment is hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's motion is granted insofar as it seeks a determination that the three-year statute of limitations is applicable, and that in all other respects, plaintiff's motion is denied.