Alverta **BARBER**, Plaintiff–Appellee,

v.

**MARJON CORPORATION, d/b/a Antlers Motel, Defendant–Appellant.**

No. 87CA1545.

Colorado Court of Appeals,
Div. III.

Dec. 21, 1989.

Rehearing Denied Jan. 25, 1990.

Certiorari Denied June 11, 1990.

Petre & Petre, P.C., Eric W. Walter, Glenwood Springs, for plaintiff-appellee.

Sherman & Howard, William F. Schoeberlein and Clara Michiko Ooyama, Denver, for defendant-appellant.

Opinion by Chief Judge KELLY.

The defendant, Marjon Corporation, appeals the judgment against it requiring the payment of overtime wages to the plaintiff, Alverta Barber. We affirm in part and reverse in part.

The defendant operates a motel, and its president, Clayton Simmons, is the proprietor. The plaintiff was hired to work the night shift, from 9:00 p.m. to 7:00 a.m., six days a week. When the plaintiff was hired, Simmons informed her that she could work as many hours as she wanted, but the defendant did not pay overtime.

The plaintiff's duties were to check guests in and out, receive and make reservations, answer the telephone, relay service requests to the appropriate employees, and handle guests' complaints. She also did the night audit which entailed balancing the daily charges and receipts and preparing the bank deposits. The plaintiff had no supervisory duties because there were no other employees on duty during her shift, and she had no authority to hire or fire other employees.

After working for a little more than a year, the plaintiff made several requests that her hours be reduced to 40 per week. When these requests could not be met to her satisfaction, the plaintiff contacted a representative of the Colorado Department of Labor concerning the legality of being required to work more than 40 hours per week. She was told that the law required payment of overtime in such a situation.

The plaintiff brought this fact to Simmons' attention, and a representative of the Department contacted him as well, but Simmons refused to pay overtime to the plaintiff. The plaintiff quit her job with the defendant two weeks later. She then brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (1982), to recover overtime compensation.

At trial, Simmons testified that he did not know that the statute had been amended to include the motel within the scope of those businesses required to pay overtime. He further testified that he had not checked the status of the law since the opening of the motel until after he spoke with the representative of the Department. The issues here revolve around the legal effect of this conduct. The trial court concluded that this conduct was willful and awarded the plaintiff compensatory and liquidated damages, as well as attorney fees, costs, and interest.

### I.

The defendant contends that the trial court erred in not finding that the plaintiff was a bona fide administrative employee and, thus, exempt from payment of overtime. We disagree.

The Act requires payment of overtime to any employee who works more than 40 hours per week, 29 U.S.C. § 207(a)(1) (1982), but a bona fide administrative employee is exempt from that requirement. 29 U.S.C. § 213(a)(1) (1982). There are five elements that must be fulfilled for an employee to be considered a "bona fide administrative employee." 29 C.F.R. § 541.2 (1988).

The first element is that the employee's primary duty consist of "work directly related to management policies or general business operations of his employer...." 29 C.F.R. § 541.2(a)(1) (1988). This includes employees whose work affects policy or who have responsibility for carrying out policy, 29 C.F.R. § 541.205(c) (1988), but an employee who performs routine clerical duties does not meet this requirement

"even though he may exercise some measure of discretion and judgment as to the manner in which he performs his clerical tasks." 29 C.F.R. § 541.205(c)(2) (1988).

The trial court found, on supporting evidence, that the plaintiff's duties were routine and were not directly related to management policies. She had discretion to reduce rates within a range prescribed by Simmons and to resolve some guests' complaints, but this is not sufficient under the regulations. Accordingly, she was not a bona fide administrative employee, and she was not exempt from the Act's overtime provisions.

## II.

■ The defendant argues that the trial court erred in compensating the plaintiff for the time during her hours of duty when she was asleep. Again, we disagree.

An employee who is on duty for a continuous period of less than 24 hours is working even though she is permitted to sleep when not busy. This is true because, in such a situation, the employee's time is not her own. 29 C.F.R. § 785.21 (1988).

Here, in addition to her wages, the plaintiff received the use of an apartment located behind the check-in desk. Simmons told the plaintiff that late at night, when things were quiet, she could go to her apartment and sleep, although she was still on-call. In these circumstances, the plaintiff was entitled to payment for the time during which she slept.

## III.

■ The trial court concluded that the defendant's conduct in refusing to pay overtime was a willful violation of the Act. Such a conclusion extends the statute of limitations from two to three years, 29 U.S.C. § 255(a) (1982), thereby entitling the plaintiff to an extra year's compensation. We agree with the defendant that this conclusion was erroneous.

A violation is willful if the employer "either knew or showed reckless disregard" that its actions did not comply with the Act. *Brock v. Richland Shoe Co.,* 799 F.2d 80

(3rd Cir.1986), *aff'd,* 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). A finding of willfulness requires evidence that the employer knew it was violating the Act, *Coston v. Plitt Theatres, Inc.,* 860 F.2d 834 (7th Cir.1988), or that the employer consciously disregarded the consequences of its actions. If an employer acts unreasonably, but not recklessly, then its conduct is not willful. *Richland Shoe Co., supra.*

There is no evidence here that Simmons knew he was violating the Act until two weeks before the plaintiff quit her job. Nor is there evidence that Simmons acted recklessly in failing to ascertain the Act's applicability to the defendant's employees. Therefore, the trial court erred by finding that the defendant willfully violated the Act.

## IV.

The defendant's assertion that the trial court erred in awarding the plaintiff liquidated damages is without merit.

An employer who violates the overtime provisions of the Act is liable to the affected employee for the unpaid compensation and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b) (1982). If the employer shows that his act or omission was in good faith, and that he had reasonable grounds for believing that he was not violating the Act, the court may, in its discretion, reduce or eliminate the liquidated damages award. 29 U.S.C. § 260 (1982).

■ The only evidence presented to justify the defendant's refusal to pay overtime was Simmons' ignorance of the applicability of the overtime provisions. While his ignorance cannot be regarded as reckless (and accordingly willful), it does not provide a reasonable basis for showing that his non-compliance with the Act was in good faith. Ignorance of the law is not an excuse for non-compliance. *See Sinclair v. Automobile Club of Oklahoma, Inc.,* 733 F.2d 726 (10th Cir.1984). Hence, the trial court did not err by awarding liquidated damages.

The judgment based on the finding that the defendant willfully violated the Act is reversed, and the cause is remanded with directions to enter judgment for the plaintiff for compensatory damages of $2,372.15 and liquidated damages in like amount, together with interest at the statutory rate of 8 per cent per annum from August 24, 1987, until paid. The judgment is otherwise affirmed.

NEY and FISCHBACH, JJ., concur.