S. June WILSON, Plaintiff-Appellee,

v.

STATE OF OKLAHOMA ex rel., OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Defendant-Appellant.

No. 82–1797.

United States Court of Appeals, Tenth Circuit.

Jan. 30, 1984.

Jim R. Sales, Gen. Counsel, and James D. Stevens, Asst. Gen. Counsel, Oklahoma City, Okl., for defendant-appellant.

Jim Grennan of Grennan, Faulkner & Koenig, Oklahoma City, Okl., for plaintiff-appellee.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a Title VII sex discrimination case. Ms. S. June Wilson is an employee in the Research and Planning Division of the Oklahoma Employment Security Commission. In 1979, the position of Program Supervisor in the Research and Planning Division became vacant. Ms. Wilson applied for the position, but was not promoted. A male employee of the Commission was given the position. Ms. Wilson thereafter brought the present action against the Commission, alleging that in failing to promote her the Commission discriminated against her because of her gender. A two-day trial to the court culminated in a judgment in favor of Ms. Wilson and against the Commission, with the district court finding that the Commission had indeed failed to promote Ms. Wilson because of her sex. The district court awarded Ms. Wilson $2,117.40 as compensatory damages, i.e., lost salary, and

awarded her attorney's fees in the sum of $1,500. The Commission appeals. We affirm.

As stated, this was a trial to the court, sitting without a jury. At the conclusion of Ms. Wilson's evidence, the district judge denied the Commission's motion to dismiss, holding, in effect, that Ms. Wilson had established a *prima facie* case of sex discrimination. The Commission thereafter called several witnesses in its effort to articulate a legitimate nondiscriminatory reason for failing to promote Ms. Wilson. The reasons offered by the Commission for not promoting Ms. Wilson were ill health, a "working disposition" that was uncooperative and argumentative, a dislike for traveling on agency business, and a disinterest in learning other aspects of the work within the Division. The plaintiff later called some rebuttal witnesses. Based on the record as thus made, the district judge found, in so many words, that the reason Ms. Wilson was not promoted was gender discrimination on the part of the Commission. In thus finding, the district court, also in so many words, rejected the reasons offered by the Commission for its failure to promote Ms. Wilson.

This having been a trial to the court in which both parties offered all the evidence they desired, we, on appeal, are not concerned with the now theoretical question of whether the plaintiff presented a *prima facie* case. *United States Postal Service Board of Governors v. Aikens,* —— U.S. ——, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983). Once the court declined to dismiss for lack of a *prima facie* case, and the defendant responded by offering its evidence of a legitimate nondiscriminatory reason for failing to promote Ms. Wilson, the *McDonnell-Burdine* presumption dropped from the case. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 255 n. 10, 101 S.Ct. 1089, 1095 n. 10, 67 L.Ed.2d 207 (1981); *Whatley v. Skaggs Companies, Inc.,* 707 F.2d 1129, 1135 (10th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 349, 78 L.Ed.2d 314 (1983). The district court then had to decide the ultimate fact issue, i.e., "which party's explanation of the employer's motivation it believes." *United States Postal Service Board of Governors v. Aikens,* —— U.S. ——, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). *See also Beck v. Quiktrip Corp.,* 708 F.2d 532, 535 (10th Cir. 1983). This the district court did, in the instant case, when it rejected the legitimate nondiscriminatory reasons offered by the Commission and found that, to the contrary, the reason the Commission failed to promote Ms. Wilson was sex discrimination. Our study of the record indicates that there is evidence to support such finding, and that it is not "clearly erroneous" within the meaning of Fed.R.Civ.P. 52(a). *Pullman-Standard v. Swint,* 456 U.S. 273, 287–90, 102 S.Ct. 1781, 1789–91, 72 L.Ed.2d 66 (1982). Evidence of gender discrimination in the employment field need not be established by direct evidence and, indeed, is generally established by circumstantial evidence. *Aikens,* 103 S.Ct. at 1483.

The Commission also suggests that during the course of the trial the district judge evidenced some degree of bias against it, based on the fact that he had previously tried other cases of sex discrimination brought against it, and also that in this case he heard evidence relating to lost salary, and was indeed computing it, before he ruled on the issue of liability. This suggestion is without merit. As indicated, the district court awarded Ms. Wilson $2,117.40 as compensatory damages. At the time the district judge fixed this amount, i.e., at the conclusion of the trial, he admitted the possibility of arithmetical error and invited counsel to correct him if he was in error, before formal judgment was entered. The record does not reveal that the Commission voiced any objection to the district court's arithmetic until after the entry of judgment. After entry of judgment, the Commission, by post-trial motion, did challenge the district court's arithmetic, and Ms. Wilson filed a response thereto. The district court then denied the Commission's motion, apparently being of the view that there had been no arithmetical error in determining compensatory damages.

638

On appeal, the Commission claims that the award of $2,117.40 as compensatory damage is excessive. On the record, we are not convinced. Indeed, in this day and age an award of compensatory damages in the amount of $2,117.40 in an employment sex discrimination case, and attorney's fees for a two-day trial in the sum of $1,500, is almost impervious to a charge of excessiveness.

Judgment affirmed.