**Val H. CURRY, Plaintiff-Appellee,**

v.

**OKLAHOMA GAS AND ELECTRIC COMPANY, Defendant-Appellant.**

No. 83–1417.

United States Court of Appeals, Tenth Circuit.

March 22, 1984.

Mike Millstead and Thomas W. Woody, Oklahoma City, Okl., for plaintiff-appellee.

Edward E. Soule, Oklahoma City, Okl., of counsel of Lytle, Soule, Curlee, Harrington, Chandler & Van Dyke, Oklahoma City, Okl., for defendant-appellant.

Before BARRETT, DOYLE and SEYMOUR, Circuit Judges.

BARRETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Oklahoma Gas and Electric (O.G. & E.) appeals from a judgment of the district court which found that O.G. & E. had discharged an employee, Val H. Curry, on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Trial was to the court. O.G. & E. was enjoined from engaging in such unlawful employment practice, and Curry was reinstated with back pay as an employee of O.G. & E.

## I.

O.G. & E. hired Curry, a black male, in 1960. From 1960 until 1972, Curry performed janitorial work for O.G. & E.; in 1972 he applied for a position within the company as a lineman. Eventually, he was transferred to this position, but only after having filed a complaint with the E.E.O.C. alleging that his transfer was originally denied on the basis of race discrimination. Curry held the lineman position for approximately four years; he later transferred to a utility crew where he drove a truck for approximately six years until he was discharged by O.G. & E. on April 9, 1982.

Three days before his termination, Curry had backed an O.G. & E. truck into a pole causing $600 in damage to the vehicle. Although Curry had been involved in other minor job-related accidents over the years, the above accident was his first "reportable accident" in that it was noted in the company's accident and personnel files. Significantly, Curry had received several pins from the company in recognition of his years of employment without "accidents," most recently a belt buckle with the insignia: "O.G. & E., 20 years—No Accidents."

O.G. & E. stated that Curry was terminated because of "hazardous and careless driving" and "the reckless operation of a company vehicle and equipment." The company stressed that Curry's discharge was not based upon the aforementioned accident, but rather upon his historically reckless manner and generally lax attitude toward safety. O.G. & E. employees and supervisors testified about several incidents illustrating this recklessness. For example, one employee testified that Curry once drove a large truck fully loaded with utility poles at seventy miles an hour while peeling an orange. Another testified that Curry broke a sprinkler system and flooded the Company garage by hitting the system with a utility pole loaded on a truck. Curry is said to have laughed at this, stating, "Well, the building grounds people said it needed to get flushing out anyway." (R., Vol. 4, p. 275).

After hearing testimony, much of it conflicting, on these and other matters, the district court entered its findings of fact and conclusions of law. The court, among other things, found that Curry had indeed been involved in only one reportable accident, and that none of his claimed reckless acts resulted in either traffic citations or injuries. Further, the court found that the claims of recklessness made against Curry were the subjective opinions of white fellow employees, and that many white employees who had actually been involved in accidents or who had received traffic citations had not been discharged by O.G. & E. Curry, the court found, had never received a job performance appraisal under the minimally acceptable level.

The court also made general findings about O.G. & E.'s employment characteristics. The court noted that few minority supervisors were employed by the defendant and that there were no blacks in the "higher echelon" of the company. As of January 31, 1983, the court observed, 8.9% to 9% of O.G. & E.'s employees were black, but over 30% of the employees discharged over the last five years were black.

Based upon these and other findings of fact, the court arrived at the general legal conclusion that O.G. & E. had violated Curry's civil rights in violation of 42 U.S.C. §§ 2000e *et seq.* In addition, the court made several subsidiary legal conclusions. First, the court concluded that Curry had established a prima facie case of racial discrimination. Second, the court concluded that O.G. & E. had not presented "legally sufficient reasons to justify a judgment for the defendant." Finally, the court concluded that even if O.G. & E.'s stated reasons for discharging Curry were "legally sufficient," those reasons were "in fact a cover up for a racially discriminatory decision."

On appeal, O.G. & E. challenges each of these conclusions. Primarily, O.G. & E. argues that the district court misapplied the burden of proof rules applicable to Title

VII termination cases by essentially requiring O.G. & E. to prove nondiscrimination. In addition, O.G. & E. maintains that the court erred in concluding that Curry had established a prima facie case of discrimination, and, alternatively, that the court erred in its ultimate conclusion that Curry had proven a claim of discrimination by a preponderance of the evidence.

## II.

▇▇▇ As the district court recognized, the Supreme Court established the burden of proof rules applicable to Title VII discrimination suits in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The complainant in such a suit must carry the initial burden of establishing a prima facie case of racial discrimination. *Id.* at 802, 93 S.Ct. at 1824. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employee's termination. *Id.* This burden, it should be noted, is a burden of production, not of persuasion. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 255, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). If the employer fails to meet his burden of producing "legally sufficient" evidence, then the complainant is entitled to a directed verdict. If, on the other hand, the employer produces sufficient evidence, then the complainant bears the ultimate burden of persuading the court that the employer's stated reasons for termination were pretextual, or a cover-up for a racially-discriminatory decision. *McDonnell Douglas, supra* 411 U.S. at 804–05, 93 S.Ct. at 1825–1826.

We are not concerned on this appeal with the now theoretical question of whether Curry presented a prima facie case. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983); *S. June Wilson v. State of Oklahoma ex rel., Oklahoma Employment Security Com-*

*mission*, 726 F.2d 636 (10th Cir.1984). Once the district court declined to dismiss Curry's claim for failing to present a prima facie case, and O.G. & E. responded by offering evidence of its "legitimate, nondiscriminatory reason" for terminating Curry, the presumption of discrimination flowing from the establishment of a prima facie case dropped from the case. *Id.* At this stage, Curry was no longer entitled to a directed verdict on the basis of having presented a prima facie case; he then had the burden of persuading the court on the ultimate factual issue—"whether the defendant intentionally discriminated against the plaintiff." *Id.* It is this issue, and the district court's disposition of it, which concerns us on appeal.

▇▇ O.G. & E. maintains that the district court, by misapplying the burden of proof rules applicable to Title VII cases, allowed Curry to prevail in spite of his failure to prove discrimination. O.G. & E. points specifically to the court's Conclusion of Law Number Six, which read in part, "The reasons given by defendant for plaintiff's discharge are not legally sufficient to justify a judgment for the defendant." This conclusion, according to O.G. & E., evidences the court's view that O.G. & E. bore the ultimate burden of persuading the court that it had not discriminated against Curry. As O.G. & E. correctly points out, its burden was only to produce evidence of a legitimate, nondiscriminatory reason for the employee's termination; it was Curry who bore the ultimate burden of persuading the court of the fact of discrimination.

We hold, however, that the district court's conclusions illustrate a proper understanding of the burden-of-proof rules in Title VII cases. The court's Conclusion Number Five quoted the applicable language from *McDonnell Douglas* and *Burdine* explaining the shifting burdens used in Title VII cases.[1] The court correctly

---

**1.** Conclusion of Law Number Five reads as follows:

The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial dis-

crimination." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 [93 S.Ct. 1817, 1824, 36 L.Ed.2d 668] (1972). If the plaintiff establishes a prima facie case, the defendant then must raise "a genuine issue of fact as to

characterized O.G. & E.'s burden as one of *production*, not of persuasion. It properly understood that if O.G. & E. had met this burden of production, Curry had the ultimate burden of persuading the court that O.G. & E.'s stated reasons for termination were "pretextual."

■ We must disagree, however, with the court's conclusion that O.G. & E. did not meet its burden of production. The Supreme Court has noted that this burden is met if the "defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Texas Dep't of Community Affairs v. Burdine, supra* 450 U.S. at 254, 101 S.Ct. at 1094. After reviewing the record, we are convinced that O.G. & E. presented sufficient evidence of Curry's habitual recklessness to create an issue of fact as to the reasons for his discharge. O.G. & E.'s burden in this regard was not great. It need not have persuaded the court that it was actually motivated by the proffered reasons; rather, it was required only to produce evidence that there was indeed a legitimate reason for Curry's discharge. *Id.*

■ Nevertheless, our conclusion that O.G. & E. met its burden of production does not create reversible error. This is so because the court concluded in the alternative that "[e]ven if these reasons were legally sufficient, they are in fact a cover up for a racially discriminatory decision." (Op. at 6, Concl. of Law # 6). Hence, the ultimate burden of persuasion remained with Curry and the court made the critical findings in his favor under the appropriate standard. *See Whatley v. Skaggs Companies,* 707 F.2d 1129, 1135 (10th Cir.1983).

*Perryman v. Johnson Products Co., Inc.,* 698 F.2d 1138 (11th Cir.1983), cited by

whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254–255 [101 S.Ct. 1089, 1094–1095, 67 L.Ed.2d 207] (1980). If the defendant carries this burden

O.G. & E., is inapposite. In *Perryman,* the Court of Appeals remanded a Title VII case to the district court for additional findings because it disagreed with the district court's conclusion that the defendant "had not articulated any legitimate, non-discriminatory reasons for its actions." *Id.* at 1145. The Court of Appeals returned the case in order that the plaintiff could shoulder the burden of proving that "these articulated reasons were a mere pretext or to show by direct evidence that the employer was motivated by discriminatory intent." *Id.*

The present case is clearly distinguishable from *Perryman.* Here, the district court expressly concluded that O.G. & E.'s reasons for terminating Curry were pretextual, or a "cover up for a racially discriminatory decision." Unlike the plaintiff in *Perryman,* Curry retained and met the burden of persuasion after O.G. & E. had articulated its reasons for terminating him.

■ The clearly erroneous standard applies to the ultimate findings of the trial court in a Title VII action. *See Pullman-Standard v. Swint,* 456 U.S. 273, 287–88, 102 S.Ct. 1781, 1789–1790, 72 L.Ed.2d 66 (1982); *Whatley v. Skaggs Companies, Inc., supra* at 1136. The district court considered all of the evidence and weighed the credibility of the witnesses in reaching its findings and conclusions. We are convinced that the record does not demonstrate that the court was clearly erroneous in concluding that O.G. & E.'s stated reason for terminating Curry was a cover-up for a racially-discriminatory decision. Although the evidence was conflicting in nature, it was sufficient to support the district court's judgment.

AFFIRMED.

of production, plaintiff must show that the stated reason for the rejection was in fact "pretext". Plaintiff "must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a racially discriminatory decision. *McDonnell Douglas Corp. v. Green, supra,* 411 U.S. at 805, 93 S.Ct. at 1825.