771 F.2d 1425
 38 Fair Empl.Prac.Cas. 1544,
38 Empl. Prac. Dec. P 35,504
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
Cross-Appellant,
v.
The WYOMING RETIREMENT SYSTEM, The State of Wyoming, and Ed
Herschler as Governor of the State of Wyoming,
Defendants-Appellants, Cross-Appellees.
 Nos. 84-1533, 84-1592.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 3, 1985.
 
 1
 Bruce A. Salzburg, Asst. Atty. Gen., State of Wyoming, Cheyenne, Wyo. (A.G. McClintock, Atty. Gen., State of Wyo., Roger Fransen, Asst. Atty. Gen., Cheyenne, Wyo., on briefs), for defendants-appellants, cross-appellees.
 
 
 2
 Justine S. Lisser (Johnny J. Butler, Acting Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, with her on the briefs), E.E.O.C., Washington, D.C., for plaintiff-appellee, cross-appellant.
 
 
 3
 Before BARRETT and BREITENSTEIN, Circuit Judges, and WEINSHIENK, District Judge.*
 
 
 4
 WEINSHIENK, District Judge.
 
 
 5
 This appeal and cross-appeal arise from an action brought by plaintiff Equal Employment Opportunity Commission (EEOC) on behalf of six individual claimants, Mary C. Anderson, David Bosshardt, Virginia Cheesbrough, Margarete Kaufholz, Osea Nelson, and Bernice Ventling, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. The suit was brought against defendants The Wyoming Retirement System, the State of Wyoming, and Ed Herschler as Governor of the State of Wyoming. In this action, plaintiff EEOC challenged the validity of Wyoming's retirement statute, and alleged that the six individuals were adversely affected by the statute's provisions.
 
 
 6
 The Wyoming statute, W.S. Sec. 9-3-414(c) (1982), provides that any employee attaining the age of 65 may continue in employment only after applying for and receiving yearly extensions for employment. Employees must obtain the recommendation of their supervisors in order to qualify for such an extension. Those failing to obtain an extension "shall be retired."
 
 
 7
 The ADEA "broadly prohibits arbitrary discrimination in the workplace based on age." Lorillard v. Pons, 434 U.S. 575, 577, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). The ADEA's prohibitions protect individuals between the ages of 40 and 70 years. 29 U.S.C. Sec. 631.
 
 
 8
 Each of the six claimants asserted that he or she was terminated pursuant to the terms of the statute. Five of the six claimants actually requested, and were denied, extensions of employment; the sixth, Bosshardt, declined to follow the process required to obtain such an extension. Plaintiff EEOC sought to permanently enjoin defendants from enforcing the above provisions of the statute, and requested back pay and liquidated damages for each of the claimants. EEOC also sought reinstatement of claimants Kaufholz and Anderson.
 
 
 9
 After trial to the court, the district judge entered detailed findings of fact and conclusions of law, and awarded damages to each of the claimants except for Osea Nelson. The district court also permanently enjoined defendants from requiring any employee under the age of 70 years to request an extension of employment in order to continue his or her employment with the State of Wyoming, or from otherwise enforcing the statute.
 
 
 10
 Defendants appeal from the trial court's judgment in favor of claimants Ventling, Cheesbrough, Anderson, and Bosshardt. Cross-appellant EEOC appeals from the trial court's judgment against Osea Nelson, and also appeals the trial judge's refusal to award liquidated damages and his deduction of Social Security payments from the back pay awards.
 
 WYOMING'S APPEAL
 
 11
 On appeal, defendants present four principal issues. First, was the district court's determination that defendants failed to meet their burden to produce evidence of legitimate nondiscriminatory reasons for discharging claimants Ventling, Cheesbrough, and Anderson clearly erroneous? Second, did the trial court err in failing to determine whether Anderson would have lost her job for other nondiscriminatory reasons? Third, was the trial judge's finding that claimant Bosshardt did not exercise reasonable diligence to mitigate damages clearly erroneous? Finally, did the trial court have jurisdiction to award damages or order reinstatement? We address the jurisdictional issue first.
 
 
 12
 Defendants contend that the Eleventh Amendment precludes the individual claimants in this action from bringing this suit because Wyoming has not expressly or constructively consented to this suit. See Parden v. Terminal Railway, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). Because the EEOC is merely a nominal plaintiff in this case, defendants argue, EEOC cannot bring this suit.
 
 
 13
 Defendants' argument is without merit. We need not address the question whether the ADEA was enacted pursuant to section five of the Fourteenth Amendment,[1] since the Eleventh Amendment does not bar this suit against the defendants. See Employees of the Department of Public Health & Welfare v. Department of Public Health & Welfare, 411 U.S. 279, 285-286, 93 S.Ct. 1614, 1618-1619, 36 L.Ed.2d 251 (1973); Dunlop v. State of New Jersey, 522 F.2d 504 (3d Cir.1975). Nor do we consider the EEOC simply a "strawman," as defendants contend, with claims of a purely derivative nature. Such an interpretation totally ignores the important public interests at stake when the EEOC chooses to vindicate the rights of claimants such as those in this case.
 
 
 14
 Next, defendants argue that they met their burden of articulating legitimate, non-discriminatory reasons for terminating the claimants. While acknowledging that the district court correctly identified the respective burdens of persuasion and production, see Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), defendants argue that the EEOC was not given the ultimate burden of proving by a preponderance of the evidence that age was a determining factor in the decisions to discharge the claimants. Rather, defendants argue that EEOC was held to have met its burden of persuasion on the basis of an unrebutted prima facie case. Therefore, it is argued, the trial court never considered the question of whether the defendants' articulated reasons for discharging the claimants were pretextual.
 
 
 15
 The trial court determined that EEOC met its burden of establishing a prima facie case of age-based discrimination, citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804, 93 S.Ct. 1817, 1824-1825, 36 L.Ed.2d 668 (1973). The burden to produce evidence that any or all of the individual claimants were terminated for reasonable factors other than age was then placed on the defendants. The trial judge stated that, except as to claimant Nelson, defendants did not meet their burden of production. According to the trial judge, defendants did not "produce admissible evidence which clearly articulated legitimate, nondiscriminatory reasons for the involuntary retirement of the individual plaintiffs." Findings Of Fact And Conclusions Of Law at p. 13.
 
 
 16
 While Burdine establishes that evidence rebutting the prima facie case need not persuade the trial court that defendants were actually motivated by the proffered reasons, defendants' evidence in this case had to raise a genuine issue of fact as to whether they discriminated against the claimants. See Burdine 450 U.S. at 254, 101 S.Ct. at 1094. The trial judge concluded that the evidence admitted at trial did not meet this standard.
 
 
 17
 Factual determinations in ADEA actions, as in Title VII actions, are to be treated no differently from any other factual findings by the trial court, Carlile v. South Routt School Dist. RE-3J, 739 F.2d 1496, 1501 (10th Cir.1984), and these findings will not be reversed unless clearly erroneous. Anderson v. City of Bessimer City, N.C., --- U.S. ----, 105 S.Ct. 1504, 84 L.Ed.2d 518, (1985); Colon-Sanchez v. Marsh, 733 F.2d 78 (10th Cir.1984); Fed.R.Civ.P. 52(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson 105 S.Ct. at 1511 (citing United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Similarly, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as a trier of fact, it would have weighed the evidence differently." Anderson 105 S.Ct. at 1512.
 
 
 18
 The district court's finding that the defendants failed to meet their burden of production is not clearly erroneous. Furthermore, even if we were to disagree with this finding, nevertheless, the trial judge properly applied the McDonnell Douglas/Burdine framework and left the burden of persuasion with the plaintiff at all times. See Curry v. Oklahoma Gas & Elec. Co., 730 F.2d 598, 602 (10th Cir.1984). The trial judge concluded that plaintiff EEOC carried its burden of proving that age was the determining factor in the involuntary retirement of the individual claimants. Findings Of Fact And Conclusions Of Law at p. 14.[2]
 
 
 19
 Also, defendants contend that the trial judge made other erroneous findings of fact with respect to claimants Ventling, Cheesbrough, and Anderson, which require reversal of their damage awards. The Court has searched the entire record and concludes that the alleged improper findings are not clearly erroneous.
 
 
 20
 We do not find persuasive defendants' argument that claimant Anderson is not entitled to damages since she would have lost her job anyway, see Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and that the trial court erred in not deciding this question. The trial court's findings with respect to Anderson are unambiguous. She had seniority over other retained personnel under applicable rules governing work force reduction and recall rights. Acknowledging that numerous reasons were put forth to explain Anderson's termination, the trial judge concluded that she was forced to retire for age-based reasons. This finding is not clearly erroneous.
 
 
 21
 Defendants also argue that the finding that the defendants failed to prove that claimant Bosshardt did not exercise reasonable diligence to mitigate his damages is clearly erroneous. Specifically, defendants contend that Bosshardt deliberately chose not to apply for an extension, or even inquire about the procedure. The trial court found that, while Bosshardt did not seek an extension, he was involuntarily retired and was injured by the statute's use. In addition, the judge found that factors such as the uncertainties and embarrassment of seeking a year-to-year extension substantially influenced Bosshardt's decision not to seek an extension. Findings Of Fact And Conclusions Of Law at p. 8. These findings are not clearly erroneous, and will not be disturbed.
 
 EEOC'S CROSS-APPEAL
 
 22
 EEOC argues that the district court misapplied the McDonnell Douglas/Burdine framework in this case since the discrimination involved was codified in the retirement statute. Although the plaintiff was able to sustain the burden of persuasion required by the above framework as to five of the six claimants, it was not able to do so in the case of Osea Nelson. Citing Bell v. Birmingham Linen Service, 715 F.2d 1552, 1556-57 (11th Cir.1983), plaintiff contends that, where direct evidence of discrimination is presented, mere articulation of a legitimate reason for defendants' actions is not enough. Id. at 1557. Rather, the defendants' rebuttal burden is heavier than it would be under the traditional McDonnell Douglas/Burdine analysis. Buckley v. Hospital Corp. of America, 758 F.2d 1525, 1529 (11th Cir.1985). The defendants in this case, plaintiff contends, could rebut only by proving by a preponderance of the evidence that they would have dismissed claimant Nelson even absent the provisions of the retirement statute at issue. Lee v. Russell County Board of Education, 684 F.2d 769, 774 (11th Cir.1982).
 
 
 23
 The trial judge found that the statute, on its face, created an age-based distinction in terms of employment. Findings Of Fact And Conclusions Of Law at p. 11. Accordingly, because direct evidence of discriminatory motive existed, the use of the McDonnell Douglas/Burdine framework was inapplicable. See Thurston, at 105 S.Ct. 613, 617.
 
 
 24
 However, the trial court's use of this standard does not require reversal as to the judgment against Nelson. As the EEOC acknowledges, if defendants established by a preponderance of the evidence that Nelson would have been terminated even absent the mandatory retirement provisions of the statute, no damages could be awarded. See Mt. Healthy City Board of Ed., 429 U.S. at 285-287, 97 S.Ct. at 575-576. The district judge, after hearing all the evidence, concluded that "Nelson was terminated for reasonable factors other than age, and that he would have been dismissed for cause even if his request for a job extension had not been denied." Findings Of Fact And Conclusions Of Law at p. 9. Also, the judge found that "age was not the determining factor leading to the termination of Nelson." Id. at 14. While plaintiff urges that the finding that Nelson would have been dismissed for cause is clearly erroneous, we conclude that it is not, and accordingly uphold the judgment as to Nelson.
 
 
 25
 Next, plaintiff contends that the district court erred as a matter of law in refusing to award liquidated damages in light of this Court's decision in EEOC v. Prudential Federal Savings and Loan Association, 741 F.2d 1225 (10th Cir.1984), vacated and remanded, --- U.S. ----, 105 S.Ct. 896, 83 L.Ed.2d 913 (1985). The original Prudential stated that the good faith defense of section 11 of the Portal-to-Portal Pay Act, 28 U.S.C. Sec. 260, was not incorporated into the ADEA. The Court adopted the definition of willfulness applied in determining whether a violation of the Fair Labor Standards Act is willful for statute of limitation purposes. Id. at 1233; see also EEOC v. Central Kansas Medical Center, 705 F.2d 1270 (10th Cir.1983). The standard stated in Prudential was that a "violation is willful when the employer was, or should have been, cognizant of an appreciable possibility that the employees involved were covered by the statutory provisions." Prudential at 1234.
 
 
 26
 In Trans World Airlines v. Thurston, --- U.S. ----, 105 S.Ct. 613, 617, 83 L.Ed.2d 523 (1985), the Supreme Court rejected the above standard, stating that its use "would result in an award of double damages in almost every case." 105 S.Ct. at 625. Under Thurston a violation of the ADEA is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." Id. In footnote 22 of the opinion, the Court acknowledged that Sec. 11 of the Portal-to-Portal Act is not incorporated into Sec. 7(b) of the ADEA. Nevertheless, the Court opined that the employer's good faith defense stated in the Portal-to-Portal Act also applies to ADEA. In considering the petition for certiorari in Prudential, the Supreme Court vacated the initial decision of this Court and remanded for reconsideration in light of Thurston. See, --- U.S. ----, 105 S.Ct. 896, 83 L.Ed.2d 913. Upon reconsideration of the record on remand, the Court of Appeals concluded that the issue of willfulness could not be resolved as a matter of law and remanded the case for determination by the finder of fact under the Thurston standard. 763 F.2d 1166, 1175 (10th Cir.1985).
 
 
 27
 The trial judge in this action found that the plaintiff's evidence "showed that defendants were cognizant of the appreciable possibility that the individual plaintiffs herein were covered by the provisions of the ADEA." Findings Of Fact And Conclusions Of Law at p. 15. However, he also found that the defendants "did not merely disregard this fact, but instead, in reliance upon advice given by the Wyoming Attorney General, and in good faith, ... concluded that the provisions of the challenged statutory section met the requirements of the ADEA." The district court concluded that "defendants were not 'cognizant of an appreciable possibility that their conduct may have been in violation of the ADEA,' and that the violation of the Defendants was not 'willful.' " Id.
 
 
 28
 Applying the standard articulated by Thurston, and taking note of the Supreme Court's discussion of the good faith defense, we conclude that the district court was correct in determining that the defendants did not commit a willful violation. Accordingly, the trial judge properly refused to award liquidated damages.
 
 
 29
 Finally, EEOC argues that the district court abused its discretion when it deducted claimants' Social Security payments from the backpay awards. Deduction of collateral sources of income from a back pay award is a matter within the trial court's discretion. EEOC v. Sandia Corp., 639 F.2d 600, 624-26 (10th Cir.1980). The court below found that said payments constituted a collateral source of income. The judge noted that the individual claimants would not have received the benefits had they continued working for the defendants, and they would still be made whole even though their damage awards were reduced to the extent of the Social Security payments. Furthermore, the trial judge hesitated to "burden the public treasury to provide a windfall to the plaintiffs herein." Findings Of Fact And Conclusions Of Law at p. 16.
 
 
 30
 We are aware that many courts refuse to deduct payments from collateral sources of income. See, e.g., Craig v. Y & Y Snacks, Inc., 721 F.2d 77 (3d Cir.1983) (Title VII action); McDowell v. Avtex Fibers, Inc., 740 F.2d 214 (3d Cir.1984) (unemployment compensation benefits may not be deducted from an ADEA back pay award). In Dillon v. Coles, 746 F.2d 998 (3d Cir.1984), the Third Circuit noted that its decision in Craig involved "purely private litigation." Id. at 1007. The Court noted that in the case before it, the state was a party and tax funds were at stake. As did the trial judge in this case, that Court identified a clear public interest. We cannot say that the trial judge abused his discretion in deducting Social Security payments from the back pay awards in this case.
 
 
 31
 The judgment is AFFIRMED.
 
 
 
 *
 Honorable Zita L. Weinshienk, United States District Judge for the District of Colorado, sitting by designation
 
 
 [1]
 This question was left open by the Supreme Court in EEOC v. Wyoming, 460 U.S. 226, 243, 103 S.Ct. 1054, 1064, 75 L.Ed.2d 18 (1983), although the dissenting justices expressed doubt that Congress acted properly. A majority of the lower courts prior to the Supreme Court's decision, however, did find that the ADEA was Fourteenth Amendment legislation. See, e.g., EEOC v. County of Calumet, 686 F.2d 1249 (7th Cir.1982); Arritt v. Grisell, 567 F.2d 1267 (4th Cir.1977); EEOC v. County of Los Angeles, 526 F.Supp. 1135 (C.D.Cal.1981), aff'd 706 F.2d 1039 (9th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984). Since the Supreme Court's decision, at least two circuit courts have determined that the ADEA is legislation under section 5 of the Fourteenth Amendment. Ramirez v. Puerto Rico Fire Service, 715 F.2d 694, (1st Cir.1983); Heiar v. Crawford County, Wis., 746 F.2d 1190 (7th Cir.1984) (en banc)
 
 
 [2]
 The McDonnell Douglas prima facie case method was "never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination." U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983), citing Furnco Construction Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978)
 However, two further observations are noted. First, the Supreme Court has stated that the McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination. See Trans World Airlines v. Thurston, --- U.S. ----, 105 S.Ct. 613, 617, 83 L.Ed.2d 523 (1985). Also, "[w]hen both parties have fully presented their evidence, the 'central question is whether plaintiff has presented sufficient evidence to permit a reasonable fact-finder to conclude that age was a determinative factor in the employer's decision.' " EEOC v. Prudential Federal Sav. and Loan Ass'n, 741 F.2d 1225, 1230 (10th Cir.1984).