**William S. TREESE, Plaintiff,**

v.

**CHEVRON CORPORATION, Defendant.**

**Civ. A. No. 86–702.**

United States District Court,
W.D. Pennsylvania.

Aug. 13, 1987.

Robert L. Potter, Strassburger, McKenna, Gutnick & Potter, Pittsburgh, Pa., for plaintiff.

Jerry R. Hogenmiller, Thomson, Rhodes & Cowie, Pittsburgh, Pa., and Janet L. Lachman, Chevron Corp., Houston, Tex., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Defendant attempts what is now nearly impossible—summary judgment in an age discrimination case. However because plaintiff's suit was filed more than two years after his discharge, and because we conclude that plaintiff has failed to provide the "minimum quantum" of evidence necessary to establish a willful violation, summary judgment is appropriate.

Plaintiff William Treese was employed by Gulf Oil Company (subsequently swallowed whole by Chevron Corp.) in its Corporate Planning Dept., Strategic Analysis Section. On July 31, 1983, at the age of 46 with seven years service to the company, plaintiff was discharged.

Defendant has asserted that plaintiff's discharge was part of a drastic corporate bloodletting, known by its euphemism "reduction in force." Ten of 28 employees in the Corporate Planning Department and three of seven in plaintiff's section either accepted early retirement or were discharged.

Plaintiff filed his complaint on August 28, 1986, more than two years but less than three years after his discharge. The ADEA, 29 U.S.C. § 626(e), adopting the

limitations periods of the Fair Labor Standards Act, 29 U.S.C. § 255, bars suits after two years, unless the violation is shown to be "willful", in which case the limitations period is extended to three years. The issue here then is whether plaintiff can present any evidence which would support a finding of a "willful" violation of the ADEA.

Considerable guidance in this matter is provided by *Dreyer v. Arco Chemical Co.,* 801 F.2d 651 (3d Cir.1986). The plaintiff in *Dreyer* had lost her job in a reduction in force. A jury found in her favor on claims of age discrimination and also concluded that defendant's violation was "willful", resulting in an award of liquidated damages under the Act. 29 U.S.C. § 626(b).[1]

The Circuit defined willfulness in the context of a reduction in force as requiring an element of outrageousness in the employer's conduct. 801 F.2d at 657–658. The Court then proceeded to review the evidence of record and concluded that it did not satisfy the "minimum quantum" necessary to support a finding of willfulness on the part of defendant. The Court reversed the jury's award of liquidated damages.

Treese presents less evidence than *Dreyer* on the issue of outrageous conduct. In *Dreyer*, the company had compiled an "age analysis" of its work force and company officials expressed concern over an "old" work force. This evidence, though relevant to a determination of liability for age discrimination, was held not to be sufficient evidence of outrageous conduct.

In the present case, plaintiff argues that animus is demonstrated by the fact that the three oldest employees in plaintiff's section, including plaintiff, lost their jobs while four younger employees retained theirs. However, the oldest employee accepted an early retirement and even plaintiff admits that the second oldest should not have been retained because of his performance. These facts are undisputed and,

just as in *Dreyer*, 801 F.2d at 658, they fall short of the minimum quantum needed to support a finding of willful violation in the context of a reduction in force.

Plaintiff has ignored *Dreyer*, choosing instead to argue that he is entitled to present his case to a jury because he makes out a prima facie case under *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and because defendant has failed to advance a legitimate non-discriminatory reason for plaintiff's discharge. Plaintiff's argument would likely succeed in light of *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987), if this case had been filed within two years of plaintiff's discharge. But this plaintiff must satisfy a higher burden in order to avoid the bar of the ADEA's two year limitations provision and plaintiff has utterly failed to produce any evidence on summary judgment which would satisfy that burden.

For the reasons stated above, summary judgment will be entered in favor of defendant.

---

1. The "willful" standard, employed in the ADEA for both limitations purposes and to trigger liquidated damages, is the same in both. See *Brock v. Richland Shoe Co.,* 799 F.2d 80 (3d cir.1986) (FLSA action); *Slenkamp v. Borough*

*of Brentwood,* 603 F.Supp. 1298 (W.D.Pa.1985). Therefore the *Dreyer* rationale, though in the context of an award for liquidated damages, is equally applicable here.